| | |
|---|---|
| Case No. 5:18-cv-01551-JLS-KK | Date: November 01, 2018 |
| Title: Arthur Ramos v. Schenker, Inc. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 13)

Before the Court is a Motion to Remand brought by Plaintiff Arthur Ramos. (Mot., Doc 13.) Defendant Schenker, Inc. filed an Opposition. (Opp., Doc 24.) Plaintiff replied. (Reply, Doc 27.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for November 2, 2018, at 10:30 a.m. is removed from the calendar. For the reasons given below, the Court DENIES Plaintiff's Motion.

## I.  Background

Plaintiff was employed by Defendant as an hourly-paid, non-exempt employee from approximately December 2006 until approximately August 2016 in San Bernardino County, California. (Complaint, Ex. A to Nalbandyan Decl., Doc. 1-1 ¶ 19.) Plaintiff alleges that Defendant "engaged in a pattern and practice of wage abuse against [its] hourly-paid or non-exempt employees in the State of California . . . *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law." (*Id.* ¶ 26.) On May 30, 2018, Plaintiff filed a class action complaint in San Bernardino County Superior Court alleging ten causes of action: (1) Violation of Cal. Lab. Code §§510, 1198 (Unpaid Overtime); (2) Violation of Cal. Lab. Code §§ 226.7, 512(a) (Unpaid Meal Period Premiums); (3) Violation of Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:18-cv-01551-JLS-KK　　　　　　　　　　　　　Date: November 01, 2018
Title: Arthur Ramos v. Schenker, Inc.

Lab. Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of Cal. Lab. Code §§1194, 1197, 1197.1 (Unpaid Minimum Wages); (5) Violation of Cal. Lab. Code §§ 201, 202 (Final Wages Not Timely Paid); (6) Violation of Cal. Lab. Code § 204 (Wages not timely Paid During Employment); (7) Violation of Cal. Lab. Code §226(a) (Non-Compliant Wage Statements); (8) Violation of Cal. Lab. Code § 1174(d) (Failure to Keep Requisite Payroll Records); (9) Violation of Cal. Lab. Code §§ 2800, 2802 (Unreimbursed Business Expenses); (10) Violation of Cal. Bus. & Prof. Code §17200 *et seq*. (Unfair Competition). (Compl. ¶¶ 48-118.) Plaintiff also requests attorneys' fees, where applicable. (*Id.*)

On July 20, 2018, Defendant filed a Notice of Removal asserting federal jurisdiction under the Class Action Fairness Act ("CAFA"). (NOR, Doc. 1.) In support of the NOR, Defendant submitted a declaration by Ingrid Pablo, Defendant's Chief Human Resources Officer, attesting to generalized facts about the size, tenure and wages of the putative class.[1] (Pablo Decl., Doc. 1-2.) Plaintiff now moves to remand this action to San Bernardino Superior Court pursuant to 28 U.S.C. § 1447, arguing that this Court does not have subject matter jurisdiction because the amount in controversy is insufficient under CAFA. (Mot. at 1.)

## II.　**Legal Standard**

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *1

---

[1] Defendant attached to its Opposition a supplemental declaration by Ms. Pablo addressing largely the same topics as her initial declaration. (Pablo Supp. Decl., Doc. 24-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:18-cv-01551-JLS-KK　　　　　　　　　　　　　　　Date: November 01, 2018
Title: Arthur Ramos v. Schenker, Inc.

(C.D. Cal. Feb. 5, 2018) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d).[2]  Here, only the amount in controversy is at issue.

　　"In determining the amount in controversy [under CAFA], courts first look to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).  Where damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Id.* (citing *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013).[3]  As this Court described in *Mortley*, "[a] defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'" 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008); *and see Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) ("[A] removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").  This is in line with the Ninth Circuit's characterization of "amount in controversy" as "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  In an unpublished opinion, however, the Ninth Circuit indicated that estimates based on assumptions without supporting evidence cannot meet the preponderance burden. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013).  District courts struggled thereafter to reconcile a defendant's need for actual evidence of potential liability with

---

[2]  Moreover, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens* 135 S. Ct. 547, 554 (2014).

[3] Defendant argues that a preponderance standard does not apply because Plaintiff's Motion was untimely filed.  (Opp. at 4.)  The Court need not address this argument because, as discussed below, Defendant is able to meet the preponderance standard and the Motion is ultimately resolved in Defendant's favor.

the notion that a defendant should not be induced to effectively concede such liability at the removal stage. *See, e.g.*, *Amaya v. Consolidated Container Co., LP*, 2015 WL 4574909, at *2 (C.D. Cal. July 28, 2015) ("On the one hand, these cases require a defendant to do more than pull an assumed rate of violation from the ether of generalized allegations of illegal behavior . . . On the other hand, defendants should not be required to fall on their swords to establish the propriety of removal jurisdiction.") (citations omitted); *Patel v. Nike Retail Services, Inc.*, 58 F. Supp. 3d 1032, n. 4 (N.D. Cal. 2014) (finding the Ninth Circuit's reasonings in *Lewis* and *Garibay* "difficult to square").

The Ninth Circuit eased—but did not entirely release—this tension in *Ibarra*. There, the Ninth circuit held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of [1] *real evidence* and [2] *the reality of what is at stake in the litigation*, using [3] *reasonable assumptions* underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198 (emphasis added). Hence, beyond actual evidence, district courts may consider context and reasonable conjecture when evaluating a removal premised on CAFA jurisdiction. Unsurprisingly, district courts have diverged in what assumed or inferred facts they deem "reasonable" to supplement the facts alleged in the complaint and facts established by actual evidence. *See, e.g.*, *Smith v. Diamond Resorts Management, Inc.*, 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) (noting disagreement with other district courts as to how much overtime could be reasonably inferred from similarly broad allegations); *Alvarez v. Office Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (finding certain assumptions "reasonable" but "acknowledg[ing] that other courts in this District have been more skeptical of the sort of evidence" underlying that finding).

### III. Discussion

To prudently apply *Ibarra* and reduce the need for controversial assumptions, the Court will analyze the amounts at stake from each of Plaintiff's claims one-by-one— beginning with those most evident from the face of the complaint and moving on to those requiring some assumptions. If the $5 million threshold is met before treading into "unreasonable" territory, then no further inquiry is necessary. *See Mortley*, 2018 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:18-cv-01551-JLS-KK                                              Date: November 01, 2018
Title: Arthur Ramos v. Schenker, Inc.

708115, at *5 (declining to assess additional claims after the $5 million CAFA threshold is met); *Alvarez*, 2017 WL 5952181, at *4 (same).

### A. <u>Waiting Time Penalties</u>

Defendant submits evidence that the weighted average hourly wage for the employees and time period at issue is $15.49.[4] Defendant further submits evidence that "more than 700 hourly California employees ceased employment with Schenker from May 30, 2014 through the date of removal." (*Id.* ¶ 8.) Defendant contends that the maximum statutory penalty—30 days' wages—should apply to each such employee. (Opp. at 21.) Plaintiff contests that assuming maximum damages for all putative class members is unreasonable. (Mot. at 13-14; Reply at 9-10.) The Court agrees with Defendant, however, because such damages are not "assumed" at all; rather, they are evident from the face of the Complaint. Plaintiff's claim for waiting time penalties rests on a claim of unpaid overtime wages. Fairly read, the complaint alleges that such wages are *still unpaid* across the putative class. That is, Plaintiff does not allege that Defendant has a "pattern or practice" of paying all earned wages more than three but less than 30 days late; Plaintiff alleges a practice of *not ever* paying all wages earned. Indeed, Plaintiff seeks damages for *still yet* unpaid overtime wages. (Compl. at 22-23.) Whereas assumptions about the regularity and extent of the underlying overtime violations may be fairly contested at this stage, the very nature of a class action complaint for unpaid overtime wages requires Plaintiff to allege that putative class members have not received all wages owed in violation of the law. Therefore, Plaintiff's allegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties. This reasoning is shared by other courts in this circuit. *Perez v. WinnCompanies, Inc.*, 2014 WL 5823064, at *7 (E.D. Cal. Nov. 10, 2014); *Marentes v. Key Energy Services. California, Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *Roth v. Comerica Bank*, 799 F.

---

[4] The Pablo Declaration states that "the weighted average hourly rate for these employees during the period from May 2014 to July 2018 was $15.49." (Pablo Supp. Decl. ¶ 6.) In its brief, however, Defendant's calculations utilize a $15.00 wage. The Court will utilize the rate supported by the evidence.

Supp. 2d 1107, 1125–26 (C.D. Cal. 2010). Therefore, Plaintiff's claim for waiting time penalties puts $2,602,320 in controversy.[5]

### B. Unpaid Overtime

Defendant submits evidence that the weighted average hourly wage for the employees and time period at issue is $15.49. (Pablo Supp. Decl. ¶ 6.) Defendant also submits evidence that putative class members worked 80,000 workweeks during that time. (*Id.* ¶ 7.) Defendant assumes that class members worked an average of 1.9 hours of (allegedly unpaid) overtime per week.[6] Such an assumption, however, is unreasonably high. Instead, "[t]he Court agrees with the courts in this circuit that have concluded that an assumption of one hour of overtime per week is reasonable when a plaintiff alleges a pattern or practice of violation." *Mortley*, 2018 WL 708115, at *4 (citing *Arreola v. Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014)).[7] Thus, Plaintiff's unpaid overtime claim reasonably put $1,858,800 in controversy.[8]

### C. Attorneys' Fees

The Ninth Circuit recently confirmed that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785,

___
[5] 700 (terminated employees) x $15.49 (average base wage) x 8 (hours per day) x 30 (days) = $2,602,320.
[6] Defendant construes this as the combination of two assumptions: that class members (1) worked an average of two hours of overtime in (2) 76,000 of the possible 80,000 workweeks. (Opp. at 15.)
[7] The Court acknowledges, however, that there is disagreement within the Ninth Circuit regarding the reasonableness of an assumed average of one overtime hour per week. *See Smith*, 2016 WL 356020, at *3 (finding an assumption of one overtime hour per week based on generalized allegations unreasonable but "acknowledg[ing] that other district courts have found to the contrary").
[8] $15.49 (average base wage) x 1.5 (overtime rate) x 80,000 (workweeks) x 1 (average overtime hours per workweek) = $1,858,800.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:18-cv-01551-JLS-KK　　　　　　　　　　　　　　　　Date: November 01, 2018
Title: Arthur Ramos v. Schenker, Inc.

794 (9th Cir. 2018). "In estimating future attorneys' fees, district courts may likewise rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Id.* at 795 (internal quotation marks omitted). In this Court's experience, "[w]hen including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate," especially in wage and hour class actions like this one where fee awards at settlement typically require court approval. *Garcia v. Lifetime Brands, Inc.*, 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016) (citing *Heejin Lim v. Helio, LLC*, 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).[9] As with the "damages" calculations above, this is not to say that attorneys' fees here will ultimately amount to 25% of any class award; but the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction. Therefore, Plaintiff's requests for attorneys' fees with respect to the overtime claims and associated waiting time penalties puts $1,115,280 in controversy.[10]

### D.　**CAFA Threshold Met**

In sum, Plaintiff's claims discussed above place $5,576,400 in controversy.[11] The Court's calculations rely predominantly on the allegations made in the Complaint and submitted evidence, and make only minimal, reasonable assumptions, as permitted under *Ibarra.* To be sure, Plaintiff's undiscussed claims and attendant fees place additional monies at stake, but the Court need not undertake further assumptions and calculations where it has already established a basis for removal.

---

[9] The Ninth Circuit advises that the 25% benchmark should not be applied *per se* because the recoverable fees may be "limited by the applicable contractual or statutory requirements that allow fee-shifting in the first place." *Fritsch,* 899 F.3d at 796. No such limitations apply to Plaintiff's overtime claims and associated waiting time penalties. Cal. Lab. Code § 1194(a).

[10] 0.25 (benchmark fee award rate) x ($2,602,320 (waiting time penalties at stake) + ($1,858,800 (unpaid overtime at stake)) = $1,115,280.

[11] $2,602,320 (waiting time penalties at stake) + ($1,858,800 (unpaid overtime at stake) + $1,115,280 (attorneys' fees at stake) = $5,576,400.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:18-cv-01551-JLS-KK                    Date: November 01, 2018
Title: Arthur Ramos v. Schenker, Inc.

## IV.    Conclusion

For the Foregoing reasons, Plaintiff's Motion is DENIED.

Initials of Preparer:  tg